UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NAKUNTA SANCHEZ,<br><br>　　　　　　　　　Petitioner,<br><br>v.<br><br>KELLY MARTINEZ and THE ATTORNEY GENERAL OF THE STATE OF CALIFORNIA,<br><br>　　　　　　　　　Respondents. | Case No.: 23-cv-1561-WQH-AHG<br><br>**ORDER** |

HAYES, Judge:

　　Petitioner Nakunta Sanchez, a state prisoner proceeding pro se, has filed a Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254. (ECF No. 1.) Petitioner has also filed a Motion to Proceed In Forma Pauperis. (ECF No. 2.)

**MOTION TO PROCEED IN FORMA PAUPERIS**

　　Upon review of Petitioner's affidavit and accompanying prison certificate (*see* ECF No. 2 at 1-4), Petitioner has $0.00 on account at the California correctional institution in which he is presently confined (*see id.* at 4) and cannot afford the $5.00 filing fee. Thus, the Court **GRANTS** Petitioner's motion to proceed in forma pauperis and allows Petitioner to prosecute the above-referenced action without being required to prepay fees or costs and without being required to post security.

1

# EXHAUSTION OF STATE COURT REMEDIES

It does not appear that state court remedies have been exhausted as to Ground One, which is the sole claim in the Petition. Habeas petitioners who wish to challenge either their state court conviction or the length of their confinement in state prison must first exhaust state judicial remedies. *See* 28 U.S.C. § 2254(b), (c); *Granberry v. Greer*, 481 U.S. 129, 133–34 (1987); *see also Picard v. Connor*, 404 U.S. 270, 275 (1971) ("[A] state prisoner must normally exhaust available state judicial remedies before a federal court will entertain his petition for habeas corpus."). "A petitioner has satisfied the exhaustion requirement if: (1) he has 'fairly presented' his federal claim to the highest state court with jurisdiction to consider it," which in this case is the California Supreme Court, "or (2) he demonstrates that no state remedy remains available." *Johnson v. Zenon*, 88 F.3d 828, 829 (9th Cir. 1996) (citations omitted); *see also O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999) ("[S]tate prisoners must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process.").

Additionally, the claims presented in the federal courts must be the same as those exhausted in state court and must also allege, in state court, how one or more of his federal rights have been violated. *See Picard*, 404 U.S. at 276 ("Only if the state courts have had the first opportunity to hear the claim sought to be vindicated in a federal habeas proceeding does it make sense to speak of the exhaustion of state remedies. Accordingly, we have required a state prisoner to present the state courts with the same claim he urges upon the federal courts."); *see also Duncan v. Henry*, 513 U.S. 364, 365-66 (1995) ("If state courts are to be given the opportunity to correct alleged violations of prisoners' federal rights, they must surely be alerted to the fact that the prisoners are asserting claims under the United States Constitution. If a habeas petitioner wishes to claim that an evidentiary ruling at a state court trial denied him the due process of law guaranteed by the Fourteenth Amendment, he must say so, not only in federal court, but in state court.").

/ / /

While Petitioner checked "yes" in response to the question on the habeas petition form asking if he raised Ground One in the California Supreme Court, he has left blank the sections on the form concerning the nature of proceeding, case number or citation and result, and has instead indicated "See #20." (ECF No. 1 at 6.) In response to section 20 of the petition form, which asks: "If you did not file a petition, application or motion (e.g. a Petition for Review or a Petition for Writ of Habeas Corpus) with the California Supreme Court, containing the grounds raised in this federal Petition, explain briefly why you did not," Petitioner states: "The California Supreme Court decided the issue raised here adversely to my view in: IN RE Higuera (2023) (case #279136) (Lynce v. Mathis (1997) 519 U.S. 433, 436)." *Id.* at 5. Petitioner also separately indicates he did not appeal from the judgment of conviction in the California Court of Appeal and has not filed any other petitions, applications, or motions with respect to this judgment in the California Superior Court, California Court or Appeal or California Supreme Court. *See id.* at 2–4. Thus, under a preliminary review, it appears Petitioner *has not* presented the claim he wishes to raise in federal court in the California Supreme Court and state remedies remain available.[1]

In *Rose v. Lundy*, 455 U.S. 509 (1982), the United States Supreme Court held that a petition which did not contain only unexhausted claims is subject to dismissal because it violates the "total exhaustion rule" required in habeas petitions brought pursuant to § 2254, but that a petitioner must be permitted an opportunity to cure that defect prior to dismissal.

---

[1] While Petitioner asserts the state supreme court "adversely" decided the issue presented here in a recent case (*see* ECF No. 1 at 5), he fails to substantiate the similarity between that case and his own and relies only on Supreme Court dicta indicating exhaustion would have been futile in a case where the state court had recently rejected the same issue. *See id.* (citing *Lynce v. Mathis*, 519 U.S. 433, 436 (1997). Yet, the Supreme Court has strongly criticized the viability of futility as an excuse for failing to raise a claim where state remedies remained available. *See Engle v. Isaac*, 456 U.S. 107, 130 (1982) ("If a defendant perceives a constitutional claim and believes it may find favor in the federal courts, he may not bypass the state courts simply because he thinks they will be unsympathetic to the claim. Even a state court that has previously rejected a constitutional argument may decide, upon reflection, that the contention is valid." (footnote omitted)). To the extent Petitioner asserts futility excuses his failure to exhaust, the Court presently declines to find that the dicta in *Lynce* supports Petitioner's contention in view of *Engle*, the clear exhaustion requirement set forth in 28 U.S.C. § 2254(b) and (c), and Petitioner's failure to offer more than a conclusory assertion that his claim was adversely decided in another recent case.

*Id.* at 514–20. Because the one-year statute of limitations imposed on § 2254 habeas petitions after *Lundy* was decided created a risk of a claim dismissed under *Lundy* becoming time-barred, the Supreme Court subsequently approved of a procedure by which a federal Petition could be stayed while a petitioner returned to state court to exhaust. *See Rhines v. Weber*, 544 U.S. 269, 277–78 (2005); *see also Mena v. Long*, 813 F.3d 907, 912 (9th Cir. 2016) ("[A] district court has the discretion to stay and hold in abeyance fully unexhausted petitions under the circumstances set forth in *Rhines*."). The Supreme Court has instructed "stay and abeyance should be available only in limited circumstances" and was appropriate where: (1) "there was good cause for the petitioner's failure to exhaust his claims first in state court," (2) the "unexhausted claims are potentially meritorious," and (3) "there is no indication that the petitioner engaged in intentionally dilatory litigation tactics." *Rhines*, 544 U.S. at 277–78.

The Court notifies Petitioner of his options to avoid a future dismissal for presenting a petition with only unexhausted claims.

### i) First Option:  Demonstrate Exhaustion

Petitioner may file papers in which he alleges he has exhausted the claim(s) in the Petition. If Petitioner chooses this option, these papers are due no later than **November 6, 2023**.

### ii) Second Option:  Voluntarily Dismiss the Petition

Petitioner may move to voluntarily dismiss his entire federal petition and return to state court to exhaust the unexhausted claim(s). Petitioner may then file a new federal petition containing only exhausted claim(s).

Petitioner is cautioned that any new federal petition must be filed before expiration of the one-year statute of limitations. Ordinarily, a petitioner has one year from when his conviction became final to file his federal petition, unless he can show that statutory or equitable "tolling" applies. *Duncan v. Walker*, 533 U.S. 167, 176 (2001); 28 U.S.C.

§ 2244(d).[2] The statute of limitations does not run while a properly filed state habeas corpus petition is pending. 28 U.S.C. § 2244(d)(2); *see Nino v. Galaza*, 183 F.3d 1003, 1006 (9th Cir. 1999). *But see Artuz v. Bennett*, 531 U.S. 4, 8 (2000) (holding that "an application is 'properly filed' when its delivery and acceptance [by the appropriate court officer for placement into the record] are in compliance with the applicable laws and rules governing filings."); *Bonner v. Carey*, 425 F.3d 1145, 1149 (9th Cir. 2005) (holding that a state application for post-conviction relief which is ultimately dismissed as untimely was neither "properly filed" nor "pending" while it was under consideration by the state court, and therefore does not toll the statute of limitations), as amended 439 F.3d 993. However, absent some other basis for tolling, the statute of limitations continues to run while a federal habeas petition is pending. *Duncan*, 533 U.S. at 181–82.

If Petitioner chooses this second option, he must file a voluntary dismissal with this Court no later than **November 6, 2023**.

### iii)  Third Option: File a Motion to Stay the Federal Proceedings

---

[2] 28 U.S.C. § 2244 (d) provides:

(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of--

(A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

(B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

(2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

Petitioner may file a motion to stay this federal proceeding while he returns to state court to exhaust his unexhausted claim(s). If Petitioner wishes to use the *Rhines* procedure, he must demonstrate there are arguably meritorious claim(s) which he wishes to return to state court to exhaust, that he is diligently pursuing his state court remedies with respect to those claim(s), and that good cause exists for his failure to timely exhaust his state court remedies. *Rhines*, 544 U.S. at 277–78. If Petitioner chooses this third option, he must file a motion for a stay with this Court no later than **November 6, 2023**.

## CONCLUSION AND ORDER

For the reasons discussed above, the Court **GRANTS** Petitioner's request to proceed in forma pauperis (ECF No. 2) and **NOTIFIES** Petitioner that his Petition as currently drafted is subject to dismissal for failure to allege exhaustion of state court remedies. If Petitioner wishes to proceed with the instant habeas action, he must, no later than **November 6, 2023**, notify the Court which of the options outlined above he chooses. Petitioner is cautioned that if he fails to respond to this Order, the Petition will be dismissed without prejudice and the Court will direct the Clerk of Court to close the case. *See Rose*, 455 U.S. at 522.

**IT IS SO ORDERED.**

Dated: September 18, 2023

Hon. William Q. Hayes
United States District Court