UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NAKUNTA SANCHEZ,<br><br>　　　　　　　　　Petitioner,<br><br>v.<br><br>KELLY MARTINEZ, et al.,<br><br>　　　　　　　　　Respondents. | Case No.: 3:23-cv-01561-WQH-AHG<br><br>**ORDER REQUIRING RESPONSE FROM RESPONDENT** |

On September 25, 2023, Petitioner filed a motion to stay, seeking "to stay federal proceedings until state remedies are exhausted" under *Rhines v. Weber*, 544 U.S. 269 (2005). ECF No. 4. On October 30, 2023, Respondent filed a "statement of no opposition to [Petitioner's] motion for stay." ECF No. 6. On November 22, 2023, Petitioner filed a reply, addressing the *Rhines* factors. ECF No. 8; *see* ECF No. 7 (requiring that Petitioner file a reply, reiterating that "in order to warrant a stay, the *Rhines* factors must be met"). On December 5, 2023, Petitioner requested to withdraw his motion to stay, explaining that the California Supreme Court denied his appeal on November 15, 2023, "thus fulfilling the exhaustion requirement." ECF No. 9. As such, the Court requires Respondent to file an Opposition or Notice of Non-Opposition to Plaintiff's assertion of exhaustion by **December 22, 2023**. *See* ECF No. 9; *see also In re Sanchez*, No. S282243, 2023 Cal. LEXIS 6504, at *1 (Nov. 15, 2023) ("The petition for writ of habeas corpus is denied. (See People v. Duvall (1995) 9 Cal.4th 464, 474 (a petition for writ of habeas corpus must

1  include copies of reasonably available documentary evidence); In re Dexter (1979) 25
2  Cal.3d 921, 925-926 (a habeas corpus petitioner must exhaust available administrative
3  remedies); In re Swain (1949) 34 Cal.2d 300, 304 (a petition for writ of habeas corpus must
4  allege sufficient facts with particularity).") (brackets in original replaced with parentheses).

**IT IS SO ORDERED.**

Dated:  December 8, 2023

_____
Honorable Allison H. Goddard
United States Magistrate Judge