UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NAKUNTA SANCHEZ,<br><br>                     Petitioner,<br><br>v.<br><br>KELLY MARTINEZ and THE ATTORNEY GENERAL OF THE STATE OF CALIFORNIA,<br><br>                     Respondents. | Case No.: 23-cv-1561-WQH-AHG<br><br>**ORDER** |

HAYES, Judge:

    The matter before the Court is the Report and Recommendation issued by United States Magistrate Judge Allison H. Goddard on the Motion to Stay filed by Petitioner Nakunta Sanchez ("Petitioner") (ECF No. 4) and the Motion to Dismiss filed by Respondents Kelly Martinez and the Attorney General of California ("Respondents") (ECF No. 12). (ECF No. 14.)

I.    **BACKGROUND**

    On August 23, 2023, Petitioner, a state prisoner proceeding pro se, filed a Petitioner for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254, alleging that denial of his good time credit is an Equal Protection Clause violation, and a motion to proceed in forma pauperis ("IFP"). (ECF Nos. 1, 2.)

On September 18, 2023, the Court issued an Order granting the IFP motion; notifying "Petitioner his Petition as currently drafted is subject to dismissal for failure to allege exhaustion of state court remedies"; and directing Petitioner to either demonstrate exhaustion, voluntarily dismiss the Petitioner, or file a motion to stay the federal proceedings. (ECF No. 3 at 4–6.)

On September 25, 2023, Petitioner filed the Motion to Stay, requesting the Court stay the federal proceedings until the state remedies are exhausted. (ECF No. 4.) On October 30, 2023, Respondents filed a Statement of No Opposition to Motion to Stay. (ECF No. 6.) On November 9, 2023, the Court issued an Order requiring Petitioner to file a Reply and reiterating the *Rhines* factors. (ECF No. 7.) On November 22, 2023, Petitioner filed a Reply in support of the Motion to Stay, discussing the *Rhines* factors. (ECF No. 8.) On December 5, 2023, Petitioner filed a Notice of Withdrawal, requesting the Court withdraw his *Rhines* stay request made on November 17, 2023, because he contends the California Supreme Court denied his state habeas corpus petition on November 15, 2023, thereby satisfying the exhaustion requirement. (ECF No. 9.)

On December 21, 2023, Respondents filed the Motion to Dismiss, stating no opposition to the finding of exhaustion on Petitioner's equal protection claim and moving to dismiss the claim on the grounds that Petitioner procedurally defaulted his claim and failed to plead a required element of the claim. (ECF No. 12.)

On July 31, 2024, Magistrate Judge Goddard issued a Report and Recommendation, recommending the Motion to Stay be denied as moot, granting in part the Motion to Dismiss, and dismissing the Petition. (ECF No. 14 at 19.) As to the Motion to Stay, the Report and Recommendation recommends that the Motion to Stay be denied as moot "[i]n light of Petitioner's withdrawal of his request for a *Rhines* stay and Respondents' waiver of the exhaustion requirement." *Id.* at 9. As to the Motion to Dismiss, the Report and Recommendation recommends that the Motion to Dismiss be denied on the ground that Petitioner failed to state a claim and granted on the ground that Petitioner's claim is procedurally defaulted. *Id.* at 14, 18.

Pursuant to the Report and Recommendation, any objections were to be filed by August 15, 2024. The docket reflects that no objections have been filed.

## II. DISCUSSION

The duties of the district court in connection with a report and recommendation of a magistrate judge are set forth in Federal Rule of Civil Procedure 72(b) and 28 U.S.C. § 636(b). The district judge must "make a de novo determination of those portions of the report ... to which objection is made," and "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate." 28 U.S.C. § 636(b). The district court need not review de novo those portions of a Report and Recommendation to which neither party objects. *See Wang v. Masaitis*, 416 F.3d 992, 1000 n.13 (9th Cir. 2005); *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003) (en banc) ("Neither the Constitution nor the [Federal Magistrates Act] requires a district judge to review, de novo, findings and recommendations that the parties themselves accept as correct.").

The Court has reviewed the Report and Recommendation, the record, and the submissions of the parties. The Court finds that the Magistrate Judge correctly recommended that the Motion to Stay be denied as moot, Motion to Dismiss be granted in part and denied in part, and the Petition be denied. The Report and Recommendation is adopted in its entirety.

## III. CERTIFICATE OF APPEALABILITY

A certificate of appealability must be obtained by a petitioner in order to pursue an appeal from a final order in a section 2254 habeas corpus proceeding. *See* 28 U.S.C. § 2253(c)(1)(A); Fed R. App. P. 22(b). Pursuant to Rule 11 of the Federal Rules Governing Section 2254 Cases, "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant."

A certificate of appealability should be issued only where the petition presents "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). It must appear that reasonable jurists could find the district court's assessment of the petitioner's constitutional claims debatable or wrong. *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

The Court finds that issuing a certificate of appealability is not appropriate as reasonable jurists would not find debatable or incorrect the Court's conclusion that Plaintiff's Equal Protection Clause claim is procedurally defaulted. Nor does the Court find that any of the issues presented deserve encouragement to proceed further. 28 U.S.C. § 2253(c); *Slack*, 529 U.S. at 484.

## IV. CONCLUSION

IT IS HEREBY ORDERED that the Report and Recommendation (ECF No. 14) is adopted in its entirety. The Motion to Stay (ECF No. 4) is denied as moot. The Motion to Dismiss (ECF No. 12) is granted in part as outlined above. The Petition for Writ of Habeas Corpus (ECF No. 1) is denied without prejudice. A certificate of appealability is denied. The Clerk of the Court shall enter judgment for Respondent and against Petitioner and close the case.

Dated:  September 17, 2024

Hon. William Q. Hayes
United States District Court